UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUAN CALDERON MONCADA,

      Petitioner,

      v.                         CAUSE NO. 3:26-CV-270-CCB-SJF

WARDEN,

      Respondent.

## **OPINION AND ORDER**

Immigration detainee Juan Calderon Moncada, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1.

Mr. Calderon Moncada is a citizen of Peru who entered the United States without inspection on an unspecified date. ECF 6-2 at 2. He came to the attention of immigration officials in 2024 when he was arrested on a criminal charge in New Jersey, and removal proceedings were initiated against him at that time. *Id.* at 2, 12-13. He was taken into custody by Immigration and Customs Enforcement (ICE) agents pursuant to an administrative warrant on June 27, 2024. *Id.* at 27.

He moved for custody redetermination before an immigration judge, and a hearing was held in March 2025. ECF 6-2 at 5. The judge determined that he posed a flight risk and denied his request for bond. *Id.* The judge subsequently denied his application for asylum and other relief, and he appealed to the Board of Immigration Appeals (BIA), which was remanded for further proceedings on one of his claims. *Id.* at 7-11. The immigration judge

denied relief on remand, and Mr. Calderon Moncada filed a second appeal to the BIA, which remains pending. *Id.* at 19-26. He argues in his petition that his detention violates applicable statutes and the Fifth Amendment's Due Process Clause. ECF 1 at 7. He seeks immediate release or a bond hearing. *Id.* at 8.

In an order to show cause, the court directed the Warden to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. ECF 3. The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." *Id.* at 3. The Warden has answered the petition (ECF 6), and Mr. Calderon Moncada has filed a reply (ECF 8).

The Warden repeats his argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Calderon Moncada is subject to mandatory detention under § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. ECF 6. These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in

deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[1] *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). The court reaffirms its holding that the mandatory detention provision in § 1225(b)(2) does not apply to individuals like Mr. Calderon Moncada who are arrested within the interior of the country years after their arrival.

The Warden alternatively argues that if Mr. Calderon Moncada should be categorized under 8 U.S.C. § 1226(a) — the "default rule" for detention of noncitizens who are present in the United States, *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) — he already received all the process he is due. ECF 6 at 7-11. That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

---

[1] The court is aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, ___F.4th___, 2026 WL 819258 (8th Cir. Mar. 25, 2026), reaching a different conclusion about the scope of § 1225(b)(2). These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

Here, the record reflects that Mr. Calderon Moncada was arrested pursuant to a warrant, which accords with § 1226(a). ECF 6-2 at 27. He was also given a bond hearing, at which the immigration judge considered his individual circumstances and determined that he should not be released because he posed a flight risk.[2] ECF 6-2 at 5. The record indicates that § 1226(a) has been followed in Mr. Calderon Moncada's case.

Mr. Calderon Moncada argues that the law entitles him to a bond hearing every six months, but he cites nothing in support and there is no such provision contained in § 1226(a) or its implementing regulations. He may be referring to the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), which imposed time limitations in the case of post-removal detention to ensure that such detention is not indefinite where the petitioner cannot be removed within a reasonable period of time. That case applies to *post-removal* detention, whereas Mr. Calderon Moncada is challenging his *pre*-removal detention while his case winds through the administrative process.

Although Due Process requires that agencies follow their own regulations, that was done here as far as the present record reveals. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The government has predetermined the procedures that apply to noncitizens who are arrested and detained under § 1226, and Mr. Calderon Moncada provides no reason to believe this process is constitutionally insufficient. Based on the present record, he has not shown an entitlement to federal habeas relief.

---

[2] He had the ability to appeal the immigration judge's ruling to the BIA if he disagreed with it but the government represents (without contradiction) that he did not do so.

For these reasons, the court **DENIES** the petition (ECF 1), and **DIRECTS** the clerk to close this case.

SO ORDERED on April 22, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT